## No. 474

### First Circuit

---

## FLANN v. HOUSE

---

(June 28, 1929.   Opinion and Decree.)
(October 10, 1929.   Rehearing Refused.)

---

B. W. Miller, of Bogalusa, and Bascom D. Talley, of Bogalusa, attorneys for plaintiff, appellee.

Ott & Rich, of Bogalusa, attorneys for defendant, appellant.

LECHE, J. Defendant contracted with plaintiff to transport by automobile truck a load of household goods and furniture from New Orleans to Bogalusa, La. While the truck, loaded with the furniture, was being driven from New Orleans to Bogalusa, it capsized on the public highway. Some of the furniture was damaged and some of it was broken beyond repair. The present suit is to recover the amount of the loss sustained by plaintiff.

While defendant may not be a public common carrier, in the sense in which that term is applied to the railroads of the country, his obligations under the contract into which he entered, in the absence of express limitations or restrictions, must be presumed to be the same, and there is no reason in law or logic why they should not be. Civil Code, art. 2752. He is responsible for the safe transportation of the commodity which he has assumed to carry, and is bound to make delivery thereof in the same apparent good order and condition, in consideration of the transportation charges which he has agreed to accept for his services. Of this there can be no doubt.

It is not questioned that the truck was either overloaded or improperly loaded, and we find no difficulty in reaching the conclusion that in either event the fault was that of the defendant. The loading was done under the supervision and by the defendant's employee. He must be presumed to know exactly the weight which the truck could safely carry and, with greater reason, to know how to load household goods thereon. To say that plaintiff's wife urged defendant's employee either to overload or to improperly load the truck only shows an attempt to shift a responsibility, which defendant knew rested entirely upon himself.

It is admittedly difficult, if not impossible, to say exactly what plaintiff's loss amounted to, in dollars and cents. It is said that the furniture was not of the most expensive kind, but nevertheless it was good enough to satisfy the wants and conveniences of the plaintiff, and to him was as serviceable and useful as if it had been of the most ornamental nature. So that its value to plaintiff, just like wearing apparel that has been used, is not to be limited to its marketable value in the estimation of third persons, but should be judged by an estimate based upon the price of replacement for new articles of similar character.

Some of the articles might have been repaired, but it is not conceivable that they could have been restored to their original condition. Other articles, notably the sound reproducing machine and the sewing machine, were beyond repair.

The trial judge found, after due consideration of the testimony, that plaintiff was entitled to recover $350, less the freight charge of $25, and we see no reason to change that finding.

It appears to be fair, and for that reason his judgment is affirmed.

MOUTON, J., not participating.